**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **DORIS A. NELSON,** | |
| **Plaintiff,** | |
| **v.** | **Case No.: 1:23-cv-6387** |
| **AMAZON.COM.DEDC,** | **Honorable John F. Kness** |
| **Defendant.** | |

**DEFENDANT'S ANSWER AND DEFENSES TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT[1]**

Defendant Amazon.com Services LLC ("Amazon"),[2] by and through its undersigned attorneys, hereby file this Answer and Defenses to Plaintiff Doris A. Nelson's ("Plaintiff") First Amended Complaint ("FAC"). This Answer does not include responses to any headings or subheading. To the extent any of the headings or subheadings in the FAC contain factual averments, Defendant denies those allegations. Defendant denies and avers as follows:

1.    PLAINTIFF, DORIS NELSON ("NELSON"), is a female who resides in Kane County Illinois.

**ANSWER:**    Amazon admits that, based on information contained in its personnel records, Plaintiff identifies as female and her last known address on file is in Kane County, Illinois.

2.    DEFENDANT, Amazon.com.dedc,LLC ("Employer") is a business located in Kane County, Illinois. Defendant engaged in business that affects interstate commerce that

---

[1] The headings and allegations included in this Answer are derived from the headings and allegations included in the FAC and are included herein for ease of reference only. Additionally, all typographical and grammatical errors in numbered paragraphs are original to the FAC.

[2] Effective January 1, 2019, Amazon.com.dedc LLC was merged into Amazon.com Services, Inc. Effective December 30, 2019, Amazon.com Services, Inc. was renamed Amazon.com Services LLC. Therefore, Amazon.com Services LLC is the proper name of the corporate defendant and is Plaintiff's current employer.

employs 20 persons or more persons within Illinois during at least 20 weeks of a year including 2022, 2023 and 2024.

**ANSWER:** Amazon admits that Plaintiff has been employed by Amazon.com Services LLC as a Fulfillment Associate at its MDW9 location in DuPage County, Illinois. Amazon further admits it employs more than 20 people within Illinois during at least 20 weeks of the year, including in years 2022, 2023, and 2024. Amazon denies the remaining allegations in Paragraph 2.

3. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3) as well as supplemental jurisdiction from State claims.

**ANSWER:** Amazon admits the allegations in Paragraph 3 for purposes of this action.

4. Plaintiff was an employee of Defendant 42 USC § § 2000e(f).

**ANSWER:** Amazon admits the allegations in Paragraph 4 for purposes of this action.

5. Defendant is an employer as defined by 42 USC § 2000e(b).

**ANSWER:** Amazon admits the allegations in Paragraph 5 for purposes of this action.

6. Venue is proper in this Court as Defendant is located in Cook County Illinois and acts and occurrences occurred in Cook County Illinois.

**ANSWER:** Amazon admits venue is proper in this Court for purposes of this action, but denies the remaining allegations in Paragraph 6.

7. Plaintiff timely filed a charge of discrimination under the with the Equal Opportunity Commission ("EEOC") in 2018 and it was cross filed with Illinois Department of Human Rights ("IDHR"). Said is attached as Exhibit 1. Plaintiff filed a second charge of discrimination in 2022. See exhibit 2.

2

**ANSWER:** Amazon admits Plaintiff filed a charge of discrimination with the EEOC and it was cross-filed with the IDHR, and that a copy of what purports to be the charge is attached to the FAC as Exhibit 1. Amazon further admits Plaintiff filed a second charge of discrimination in 2022 and that a copy of what purports to be the charge is attached to the FAC as Exhibit 2. Amazon denies the remaining allegations in Paragraph 7.

8. The EEOC issued a final determination to Plaintiff finding probable cause on the first charge of discrimination. A copy of that charge is attached hereto as Exhibit 3.

**ANSWER:** Amazon admits Plaintiff filed a copy of what purports to be a Letter of Determination from the EEOC. The allegations in Paragraph 12 further purport to characterize the Letter of Determination. Amazon denies those allegations to the extent they mischaracterize and do not fully represent the Letter of Determination.

9. The EEOC attempted to get reconciliation due to the finding of probable cause. The EEOC failed to act, and Plaintiff asked for a right to sue letter.

**ANSWER:** The first sentence in Paragraph 9 relates to confidential conciliation discussions subject to Federal Rule of Evidence 408 and, therefore, no response is required. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and, therefore, denies the allegations.

10. The EEOC sent notification by email to Plaintiff's former attorney on May 26, 2023, that something was placed on the EEOC portal. A few days later Plaintiff or her counsel opened the portal and found that both right to sue letters were issued. A Copy of the Right to sue letters are attached hereto as Exhibit 4.

**ANSWER:** Amazon admits it received copies of EEOC issued Right to Sue Letters dated May 26, 2023. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and, therefore, denies the allegations.

11. Plaintiff's former counsel retired, and she could not find legal representation. Plaintiff filed this case pro se on August 24, 2023, to the clerk's office via the help desk for pro se litigants. Her initial filing sent on August 24, 2024, had the complaint (Docket #1) Civil Cover Sheet (Docket Number 2), Pro se Appearance (Docket # 3) a request for waiver of fees to proceed informa Pauperis (Docket # 4) , a motion for attorney representation (Docket 5). Plaintiff spoke to the clerk's office and was told they would file stamp it in but that it might be until after the weekend due to the workload of the clerk. The clerk file stamped the case on August 28, 2023. Plaintiff submitted her complaint, motion to waive the filing fee, and other documents on May 24, 2024, to the Clerk with the Help Desks help on August 24, 2023.

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 regarding Plaintiff's prior counsel and Plaintiff's communications with and actions of the Court Clerk and Help Desk and, therefore, denies the allegations. The remaining allegations in Paragraph 11 purport to characterize various documents filed with the Court. Amazon denies those allegations to the extent they mischaracterize and do not fully represent the filed documents.

12. On or about March 21, 2024, the Court denied Plaintiff's motion for informa Pauperis and Motion for Counsel without prejudice. The Court gave Plaintiff until April 12, 2024, to pay the filing fee. (Docket 11) Plaintiff paid the filing prior to April 12, 2024, and Court noted it on April 6, 2024 (Docket # 13).

**ANSWER:**    The allegations in Paragraph 12 purport to characterize a Court Order and other documents filed with, and payments made to the Court. Amazon denies those allegations to the extent they mischaracterize and do not fully represent the Court's Order and filed documents.

13.    Plaintiff submitted her Complaint to the Clerk's office within 90 days of Plaintiff receiving the right to sue letter from the EEOC.

**ANSWER:**    Amazon denies the allegations in Paragraph 13.

14.    Plaintiff has contacted the Illinois Department of Human Rights ("IDHR") and has requested a notice to opt out of her claims with the IDHR. Once the IDHR responds to her request and issues the opt out letter Plaintiff will seek to add those causes of action.

**ANSWER:**    Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies the allegations.

15.    Plaintiff began working for Defendant in late 2017.

**ANSWER:**    Amazon admits the allegations in Paragraph 15.

16.    Plaintiff and other females who work for Defendant were subjected to Sexual and racial harassment from Noah De Vries ("De Vries") who is male. De Vries made numerous vulgar comments to Plaintiff and others about race and inappropriate sexual comments. De Vries also offensively touched Plaintiff and other employees of Defendant without their consent. De Vries also threatened to kill employees for making complaints against him/or doing anything to get him fired.

**ANSWER:**    Amazon admits that based on its personnel records, DeVries, a former Amazon employee, identifies as male. Amazon further admits that during its investigation immediately following a complaint from Plaintiff, Amazon substantiated Plaintiff's claim that

DeVries used disrespectful language in the workplace. Amazon denies the remaining allegations in Paragraph 16.

17.     The abusive actions and comments of De Vries even caused Plaintiff to go on leave due to the stress and negative effects to her health from De Vries actions. The racial and sexual harassment became so bad that Plaintiff filed for a protective order against De Vries.

**ANSWER:**     Amazon admits that Plaintiff filed two additional complaints involving DeVries and Plaintiff's failure to meet expectations. Amazon further admits that, during the overlapping investigations, it offered (and Plaintiff accepted) a paid leave of absence. Amazon lacks knowledge or information sufficient to form a belief as to the truth of whether Plaintiff filed for a protective order against DeVries and, therefore, denies the allegation. Amazon denies the remaining allegations in Paragraph 17.

18.     While employed by Defendant, DeVries for several months sexually and racially harassed numerous individuals who worked for Defendant. DeVries' actions were known to Defendant.

**ANSWER:**     Amazon denies the allegations in Paragraph 18.

19.     During 2017 and 2018, Plaintiff and other employees of Defendant made several complaints to Defendant's supervisors, managers and Defendant Human Resources Department about Noah De Vries's unlawful discrimination, actions, and abusive comments. The complaints by employees to Defendant included threats by DeVries to other employees and DeVries touching other employees without the employees consent.

**ANSWER:**     The first sentence in Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, Amazon admits that it received complaints related to DeVries. Amazon further states that it terminated DeVries after he admitted

to using inappropriate language and touching other employees (not Plaintiff) without their consent. Amazon denies the remaining allegations in Paragraph 19.

20.     At least two of other employees of Defendant besides Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission. The EEOC has found that there was probable cause that Defendant violated Title VII. The EEOC has attempted to try get resolution for the other aggrieved woman, but to date it appears that nothing has been finalized.

**ANSWER:**     Amazon admits two other employees filed charges of discrimination with the EEOC in which they raised concerns regarding DeVries. The second sentence in Paragraph 20 purports to characterize Letters of Determination issued by the EEOC. Amazon denies those allegations to the extent they mischaracterize and do not fully represent the Letters of Determination. The remaining allegations in Paragraph 20 relate to confidential conciliation discussions subject to Federal Rule of Evidence 408 and, therefore, no response is required.

21.     De Vries's sexual and racial harassment to women who worked for Defendant was done out in the open and observed by many employees and management of Defendant.

**ANSWER:**     The allegation in Paragraph 21 regarding DeVries's conduct purportedly being "sexual and racial harassment" constitute legal conclusions to which no response is required. Amazon states its investigations did not substantiate any comments made by DeVries toward Plaintiff. Amazon further states it terminated DeVries after he admitted to using inappropriate language and touching other employees (not Plaintiff) without their consent. Amazon denies the remaining allegations in Paragraph 21.

22.     Defendant has a policy relating to harassment and or bullying. Defendant asserts that they will not allow its employees to be sexually harassed or bullied by employees.

**ANSWER:**     Amazon admits the allegations in Paragraph 22.

23.     A male employee talking about his penis to a woman employee would violate Defendant's sexual harassment policy.

**ANSWER:**     Amazon admits the allegations in Paragraph 23.

24.     A male employee touching other employees breasts or buttocks without her consent would violate Defendant's sexual harassment policy.

**ANSWER:**     Amazon admits the allegations in Paragraph 24.

25.     A male employee touching and caressing other employees shoulders without their consent would violate Defendant's sexual harassment policy.

**ANSWER:**     Amazon admits the allegations in Paragraph 25.

26.     Using the word "N" word in front of an employee would violate Defendant's Racial harassment policy.

**ANSWER:**     Amazon denies it has a policy titled "Racial harassment policy," but admits such conduct would violate its harassment policy, which prohibits discriminatory harassment, including on the basis of race.

27.     Threatening to kill an employee is also a violation of Defendant's policy for no bullying and or other policies of Defendant.

**ANSWER:**     Amazon admits the allegations in Paragraph 27.

28.     Defendant has an obligation to keep employees safe at work. Defendant knowingly failed to keep employees such as Plaintiff safe at work from De Vries.

**ANSWER:**     The allegation in the first sentence of Paragraph 28 constitutes a legal conclusion to which no response is required.  Amazon denies remaining allegations of Paragraph 28.

29.     Plaintiff complained to Defendant about the sexual and Racial harassment she was experiencing from De Vries to Human Resources in December 2017.

**ANSWER:**     Amazon admits Plaintiff complained that DeVries had used disrespectful language at work and had danced inappropriately (*i.e.*, twerked).  Amazon further admits that in or around January 2018, Plaintiff complained DeVries's conduct was directed indiscriminately toward all associates.   Amazon denies the remaining allegations in Paragraph 29.

30.     Plaintiff made a written complaint against De Vries due to his actions in January 2018. Defendant communicated to Plaintiff that De Vries was on a final written warning when she made her first complaint.

**ANSWER:**     Amazon admits Plaintiff made a written complaint concerning DeVries in January 2018.  Defendant denies the remaining allegations in Paragraph 30.

31.     Defendant communicated to Plaintiff that De Vries was on a final written warning when she made her first complaint.

**ANSWER:**     Defendant denies the allegations in Paragraph 31.

32.     After Plaintiff made complaints of discrimination to Human resources and her supervisor, Defendant started to retaliate against Plaintiff.

**ANSWER:**     Amazon denies the allegations in Paragraph 32.

33.     Plaintiff made a second complaint in writing about De Vries' harassment on February l, 2018.

**ANSWER:**     Amazon admits Plaintiff made a second complaint in or around February 2018, claiming DeVries made sexually explicit statements and made unwanted physical contact with her elbow, neither of which were substantiated following an investigation.  Amazon denies the remaining allegations in Paragraph 33.

34.    Plaintiff performed her duties in a satisfactory manner and has been a good employee for Defendant.

**ANSWER:**    Defendant denies the allegations in Paragraph 34.

35.    During the time that Plaintiff worked in 2017 and 2018, De Vries regularly and loudly made offensive, racist, and sex-charged comments and engaged in inappropriate and unwelcome touching to Plaintiff and other employees of Defendant. De Vries said things like, "yeah, I'm walking with my black bitches.,'· and '''my dog Pepper is the same color as Doris" black ass, right Doris?" and "Hey. Doris, do you know how I'm going to get promoted at Amazon? I'm going to suck d**ks, lots ofd**ks, that's how!" and "yeah, me and Doris, are fu**ing" and "F**k you bi**hes. Kiss my as*, I said you can just kiss my as*_,. He came up behind Plaintiff making sniffing noises, and said "oh, you smell so fu**ing good!.'

**ANSWER:**    Amazon denies the allegations in Paragraph 35.   Answering further, Amazon states that its investigations did not substantiate any comments made by DeVries toward Plaintiff.  Amazon denies the remaining allegations in Paragraph 35.

36.    Initially Plaintiff and her female co·workers attempted to get De Vries to stop his abusive, unwanted, and unlawful behavior. Plaintiff and other employees took De Vries aside and spoke to him asking for him to stop as it was offensive and inappropriate. De Vries' response to Plaintiff and other employees was that he had behaved the same way all of his life and nobody was going to change him.

**ANSWER:**    Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, denies the allegations.

37.    During the second week in December 2017, Plaintiff went to Human Resources and spoke with Caroline unknown last name. Plaintiff started to state that she needed to talk to the HR

rep about Noah De Vries and his behavior. Caroline said that she expected that she knew what Plaintiff was going to say. Caroline told Plaintiff that they had a few bad complaints about him. Caroline told Plaintiff that she would speak with Joe Lee, Human Resource Manager, and get back to Plaintiff. Plaintiff did not hear back from anyone in Human Resources including Joe Lee or Caroline relating to her complaint.

**ANSWER:**     Amazon denies the allegations in Paragraph 37.

38.     Later in December, De Vries loudly and in the presence of coworkers, told Plaintiff that he could tell what was wrong with Black skin because it's shiny all the time:, and he made a comment about nappy hair.. Plaintiff asked De Vries if he was racist. De Vries said, "'I'm not a racist, Doris. Do you want to know how many black d**ks that's been up my as***le? I love me some black d**k, cause black guys' d**ks are huge, and they really know how to f'u'*k me real good." De Vries said this often to Plaintiff and other employees of Defendant. After the comments, De Vries started twerking, backing into Plaintiff. De Vries made intentional contact with Plaintiff at this time without her consent.

**ANSWER:**     Amazon denies the allegations in Paragraph 38.   Answering further, Amazon states that its investigations did not substantiate any comments made by DeVries toward Plaintiff.   Amazon further states it terminated DeVries after he admitted to using inappropriate language and touching other employees (not Plaintiff) without their consent.

39.     One of Defendant's employees who has the title of Ambassador, whose name was Olga (unknown last name), witnessed what occurred. Olga pulled De Vries away from Plaintiff to talk to him., Olga then came to Plaintiff and |told Plaintiff to report the incident to Human Resources right away. Plaintiff went to Human Resources and reported the incident to Caroline. Caroline told Plaintiff she would need to speak with Michelle Gong.

**ANSWER:**    Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, therefore, denies the allegations.

40.    During the investigation into Plaintiff's complaint, Defendant did not interview Olga and ignored the fact that she witnessed De Vries' actions.

**ANSWER:**    Amazon denies the allegations in Paragraph 40.

41.    On January 17, 2018, Plaintiff's manager, Katie Poorten, approached Plaintiff and asked Plaintiff to speak with Ashley Jimenez in Human Resources. Plaintiff began explaining De Vries behavior to Jiminez. Plaintiff was unaware of De Vries last name at that time. Jimenez refused to take information from Plaintiff that was relevant to a claim for discrimination. Jiminez refused to add Noah's name in the complaint and said that since Plaintiff she was not sure who "Noah" was and would not put his name in the complaint. Plaintiff stated she knew who he was. Plaintiff also wanted to add more incidents to the complaint, but Jimnez refused to add the incidents.

**ANSWER:**    Amazon admits that, on or around January 17, 2018, Ashley Jimenez interviewed Plaintiff as part of its investigation into Plaintiff's complaint.  Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and, therefore, denies the allegations.

42.    Poorten was a friend of De Vries and protected him.

**ANSWER:**    Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 regarding whether Poorten was a "friend" of DeVries and, therefore, denies the allegations.  Amazon denies the remaining allegations in Paragraph 42.

43. Poorten's treated Plaintiff poorly due to Plaintiff filing a report against De Vries. Plaintiff was forced to file a complaint against Poorten due to her actions, intimidation and retaliation Plaintiff experienced.

**ANSWER:** Amazon denies the allegations in Paragraph 43.

44. On January 26, 2018, Plaintiff supervisor, Poorten called Plaintiff aside and talked to Plaintiff about her production rate. Poorten said that the investigation was completed. Plaintiff doubted that Defendant was able to investigate the matter properly as she had not been contacted and it was a short time. No one spoke with Plaintiff about her about the investigation results.

**ANSWER:** Amazon admits that Poorten provided Plaintiff with feedback and coaching regarding her productivity performance. Amazon further admits that Plaintiff was interviewed by Ashley Jimenez as part of its investigation on or around January 17, 2018. Defendant denies the remaining allegations in Paragraph 44.

45. After Plaintiff submitted her initial written complaint, Plaintiff witnessed De Vries cup his hands under coworker Brandy Payne's breast and "juggle" the woman's breast.

**ANSWER:** Amazon denies the allegations in Paragraph 45. Answering further, Amazon states that on February 3, 2018, Plaintiff told Ashley Jimenez that Mr. DeVries, at one point, made a sexual gesture related to Ms. Payne's breasts. This comment was not substantiated by Amazon's investigation.

46. The following week, Defendant intentionally assigned De Vries to be Plaintiff's "problem solver' where he would work close to Plaintiff. Plaintiff believed the Company was trying to harm her by putting De Vries to work with her after she lodged a complaint against him.

**ANSWER:** Amazon denies that it "intentionally assigned" DeVries to "work close" to Plaintiff. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 46 what "Plaintiff believed" and, therefore, denies the allegations.

47.     While working with Plaintiff, De Vries approached Plaintiff and asked Plaintiff why she wasn't talking to him. Plaintiff replied that she was just doing her work and minding her own business. De Vries continued speaking to Plaintiff telling her that Human Resources kept calling him into their office, over and over again, to speak with him. He laughed and said that they asked him a lot of questions, and he denied everything. DeVries said that he told Human Resources that they did not have any recording and he claimed that he was being targeted and singled out because he is gay. De Vries told Plaintiff that he threatened a lawsuit if he were fired.

**ANSWER:**     Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, therefore, denies the allegations.

48.     Later that same shift, Supervisor Poorten „was playing music in their department. As Plaintiff was speaking with a coworker, De Vries interrupted and asked if Plaintiff liked the song that was playing. De Vries said "this is my favorite song! it reminds me of sex, because the music is fast - it's really fast.." Then, Mr. De Vries inappropriately caressed Plaintiff's arm. Plaintiff stepped back and said., "don't touch me, Noah!" She asked De Vries if his mind was always in the gutter. To which De Vries leaned over into Plaintiff's and said, "my mind is in the gutter?" Plaintiff replied yes and looked for Ms. Poorten. Plaintiff then went to find Poorten and complaint to her the harassment she encountered from De Vries. Plaintiff made the Complaint to Poorten. Poorten laughed at Plaintiff's statements about De Vries and found it funny and laughed aloud. Poorten wrote some notes down on a napkin and said she would report the incident to Human Resources and arrange for Plaintiff to have a meeting with HR the next day. Later on, Ashley (unknown last name) called Plaintiff into the Human Resources office. While Plaintiff was

providing details of what occurred , Ashley became angry with Plaintiff about Plaintiff making a report.

**ANSWER:**     Amazon admits Plaintiff made a second complaint to Amazon in or around February 2018, claiming DeVries made sexually explicit statements and made unwanted physical contact with her elbow, neither of which were substantiated following an investigation.  Amazon denies the remaining allegations in Paragraph 48.

49.     As Plaintiff was leaving the Human Resources office, Plaintiff was approached by the head of operations, Sean (unknown last name). Sean told Plaintiff that he knew that she was frustrated with Human Resources and Sean did not blame her. Sean told Plaintiff that he believed everything she said and suggested that if Plaintiff punched out and went home, he would make sure that Plaintiff was paid for her 10-hour shift.

**ANSWER:**     Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, therefore, denies the allegations.

50.     On February 5, 2018, Joe Lee, Human Resources Manager. sent Plaintiff an email, letting her know that she could stay home and be paid for all scheduled time until they completed their investigation.

**ANSWER:**     The allegations in Paragraph 50 purport to characterize an email.  Amazon denies those allegations to the extent they mischaracterize and do not fully represent the email, to the extent it exists.

51.     On February 12, 2018., Plaintiff received an email from Mr. Lee advising her that Amazon had closed its investigation and that they had "taken appropriate actions based on these investigations and would like to discuss her returning to work. Defendant indicated that Plaintiff's complaints were unsubstantiated. Defendant failed to use the surveillance cameras throughout the

facility that should have substantiated her claims of De Vries inappropriate physical contact Plaintiff and others. Plaintiff was offered the opportunity to work on other shifts. Plaintiff could not work on other shifts as she cares for her mother.

**ANSWER:**    A portion of the allegations in Paragraph 51 purport to characterize an email.  Amazon denies those allegations to the extent they mischaracterize and do not fully represent the email, to the extent it exists.  Amazon denies the remaining allegations in Paragraph 51.

52.    Plaintiff returned to work in mid-February. On her first clay [sic] back, during a '·huddle" at the beginning of her shift, De Vries put a water bottle between his legs and walked up behind employee Amanda ("Unknown last name") and stuck the bottle into her posterior.

**ANSWER:**    Amazon admits Plaintiff returned from her paid leave of absence in mid-February.  Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 and, therefore, denies the allegations.

53.    Poorten engaged in retaliatory conduct toward Plaintiff. Poorten pulled Plaintiff off the line with increased frequency in front of other employees and spoke with Plaintiff in a loud voice When Poorten pulled Plaintiff off the line, the effect was to have boxes pile up on Plaintiff side which would force Plaintiff to fall behind. Defendant failed to get Plaintiff help for such situations. The actions of Poorten caused Plaintiff to fall behind work intentionally to create issues for Plaintiff. Additionally, in a way to retaliate against Plaintiff for making a complaint of discrimination, other managers of Defendant would come up to Plaintiff while she was working and told Plaintiff that she was doing things wrong even though Plaintiff was not doing anything wrong. The managers were working in concert to closely scrutinize Plaintiff's her. On March 9,

Plaintiff learned that Poorten assigned one of the auditors to "keep an eye on" Plaintiff as a way to scrutinize Plaintiff's work more closely.

**ANSWER:**     Amazon denies the allegations in Paragraph 53.

54.     On March 10, 2018, Plaintiff due to the actions of De Vries went on short term disability. Plaintiff became ill due to De Vries actions of sexual and racial harassment of her. Plaintiff experienced high levels of stress and anxiety due to De Vries actions and the mistreatment from Amazon. Plaintiff blood pressure due to the acts of Defendant and De Bries became excessively high and dangerous to her health.

**ANSWER:**     Amazon admits Plaintiff went on a medical leave of absence, beginning March 10, 2019.   Amazon lacks knowledge or information sufficient to form a belief as to Plaintiff's specific medical conditions and/or symptoms, including whether Plaintiff "became ill," "experienced high levels of stress and anxiety," or that her "blood pressure ... became excessively high and dangerous to her health," and therefore denies the allegations.   Amazon denies the remaining allegations in Paragraph 54.   Amazon further denies it engaged in any unlawful conduct.

55.     Defendant had a new investigation into De Vries' behavior while Plaintiff was on her leave of absence. One of Plaintiff's coworkers. Nidra Williams was called at the end of May while she was on vacation to answer questions by Michelle Gong. On June 8. Plaintiff received an email from Alexa Perrin, Executive Escalations Intake Coordinator. Williams was called into the Human Resources office when she returned from vacation to speak further with Ms. Gong. Defendant was informed that De Vries threatened in a very loud manner that if anyone causes him to lose his job, he would fu**ing kill them. Williams heard De Vries telling a coworker "do you know that Black as* bi**h Doris tried to get me fired?!'

**ANSWER:** Amazon admits its second investigation into DeVries behavior was conducted during Plaintiff's leave of absence and as part of that investigation, Amazon contacted Nidra Williams. The allegations in the third sentence of Paragraph 55 purport to characterize an email. Amazon denies those allegations to the extent they mischaracterize and do not fully represent the email, to the extent it exists. Amazon denies the remaining allegations in Paragraph 55. Answering further, Amazon states that Plaintiff alleged Mr. DeVries made threats toward whomever report him, but these comments were not substantiated by Amazon's investigation.

56. Defendant after an investigation into De Vries actions in May/June 2018 investigation stated it would transfer the women who complained of Mr. De Vries' harassment to another department. De Vries was left employed in his same department. Even though De Vries was on a final written warning, Defendant still failed to fire De Vries or even stop his actions. Defendant allowed De Vries to continue humiliate and abuse other employees of Defendant.

**ANSWER:** Amazon denies the allegations in Paragraph 56.

57. On June 7, 2018, Defendant transferred a number of African American and Hispanic women who had worked with Plaintiff in the inbound department to Outbound. The Outbound department was a more physical job and less desirable. The reason Defendant transferred the woman was because Defendant refused to discipline De Vries' properly and wanted to keep De Vries employed. The transfer of the woman was done to force the woman to do a harder job and so Defendant would discourage employees from making claims of discrimination against their employer.

**ANSWER:** Amazon denies the allegations in Paragraph 57.

58. Plaintiff returned to work in early July 2018. Her performance was excellent.

**ANSWER:**     Amazon admits Plaintiff returned from her leave of absence on or around July 4, 2018.  Amazon denies the remaining allegations in Paragraph 58.

59.     When Plaintiff returned in July 2018, Defendant told Plaintiff she was being transferred to the Outbound, but that Defendant needed to give her two weeks' notice, so she worked in her usual department. July 7, 2018. Defendant intentionally assigned De Vries to work next to Plaintiff as her "problem solver." Plaintiff found this unacceptable and retaliation as Defendant was requiring her to be around the person who threatened to harm her and others if they got him fired, offensive touched the plaintiff on several occasions and made rude, racist, and sexually offensive comments to Plaintiff. Due to the unsafe work environment, Plaintiff punched out and filed a complaint with Human Resources.

**ANSWER:**     Amazon denies the allegations in Paragraph 59.

60.     Defendant has a no tolerance policy for sexual or racial harassment.

**ANSWER:**     Defendant admits the allegations in Paragraph 60.

61.     Defendant violated its policies for sexual or racial harassment in how they treated De Vries.

**ANSWER:**     Defendant denies the allegations in Paragraph 61.

62.     Defendant had at least 4 different people make complaints about De Vries in 2017 and 2018 that he made racially inappropriate remarks and sexually harassed other employees.

**ANSWER:**     Defendant admits several employees complained about DeVries, but denies Plaintiff's characterization of the complaints.  Defendant denies the remaining allegations in Paragraph 62.

63.     Near the end of July 2018, De Vries had not been seen by other employees at Defendant's work. Defendant told employees that De Vries was fired for touching a male employee.

**ANSWER:**     Defendant admits DeVries was terminated from his employment, effective August 2, 2018.   Defendant denies the remaining allegations in Paragraph 63.

64.     After Plaintiff made her complaints of discrimination, Plaintiff experienced other forms of adverse employment actions by Defendant. Other adverse employment actions against the Plaintiff by Defendant included

a.     Closer supervision of the Plaintiff

b.     Closer Scrutiny of Plaintiff's work

c.     Defendant denied Plaintiff job promotions and training. Plaintiff applied for a job as a tugger but Defendant failed to interview or notify Plaintiff about the job.

d.     Plaintiff made requests to transfer to other positions and shifts but Defendant denied Plaintiff transfers or other positions. Other employees who were similarly situated were allowed to transfer or move to other positions that did not make a complaint of discrimination of Defendant.

e.     Defendant denied Plaintiff training so that Plaintiff could move to other jobs.

f.     Defendant forced Plaintiff to work alone in the Tugger job when Defendant required two employees to do said job.

**ANSWER:**     The allegations in Paragraph 64, including subparts (a) through (f), constitute legal conclusions to which no response is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 64.

65.     The actions of Defendant damaged the Plaintiff.

**ANSWER:**     Defendant denies the allegations in Paragraph 65.

20

66.     Defendant's discriminatory conduct toward Plaintiff was intentional, and it engaged "with malice or with reckless indifference to the federally protected rights" of Plaintiff.

**ANSWER:**     Amazon denies it engaged in unlawful conduct and denies the remaining allegations in Paragraph 66.

## COUNT 1 TITLE VII

67.     Plaintiff realleges paragraphs 1-66 in Count I as set forth herein.

**ANSWER:**     Amazon restates and reincorporates its answers to Paragraphs 1 through 66 as though fully set forth herein.

68.     42 USC § 2000e et. Seq. makes it illegal to discriminate against someone because of their sex, race, or color. 42 USC § 2000e-2(a)(1) makes it an unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's sex, race, or color.

**ANSWER:**     The allegations in Paragraph 68 purport to characterize portions of Title VII of the Civil Rights Act of 1964 ("Title VII").  Amazon denies those allegations to the extent they mischaracterize and do not fully represent the statutes.

69.     Defendant received several sexual harassment complaints from female employees about De Vries in 2017 and 2018.

**ANSWER:**     Defendant denies the allegations in Paragraph 69 as written.  Answering further, Amazon states that it received complaints related to DeVries.  Amazon further states that it terminated DeVries after he admitted to using inappropriate language and touching other employees (not Plaintiff) without their consent.

70.     Defendant did not fire De Vries until a male employee was touched or subjected to sexual harassment by De Vries in approximately July 2018.

**ANSWER:**     Amazon admits that it terminated DeVries after he admitted to using inappropriate language and touching other employees (not Plaintiff) without their consent. Amazon denies the remaining allegations in Paragraph 70.

71.     Defendant's differences in treatment of Plaintiff's terms and conditions of employment violated 42 USC § 2000e-2(a)(1).

**ANSWER:**     Amazon denies the allegations in Paragraph 71.

### COUNT 2 HOSTILE WORK ENVIRONMENT

72.     Plaintiff realleges paragraphs 1-71 in Count II as set forth herein.

**ANSWER:**     Amazon restates and reincorporates its answers to Paragraphs 1 through 71 as though fully set forth herein.

73.     42 USC § 2000e et. makes it unlawful discrimination to sexually harass or create a hostile work environment for an employee based upon their race, color, or sex.

**ANSWER:**     The allegations in Paragraph 73 purport to characterize portions of Title VII. Amazon denies those allegations to the extent they mischaracterize and do not fully represent the statute.

74.     While employed by Defendant Plaintiff was subjected to unwelcome conduct on the basis of Plaintiff's race, color and/or sex that had the purpose or effect of substantially interfering with Plaintiff's work performance and/or created an intimidating, hostile, or offensive working environment.

**ANSWER:**     Amazon denies the allegations in Paragraph 74.

75.     The conduct which Plaintiff endured from De Vries and others who worked for Defendant was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

**ANSWER:**     Amazon denies the allegations in Paragraph 75.

76.     At the time the conduct occurred, Plaintiff believed that the conduct made her work environment hostile and/or abusive.

**ANSWER:**     Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's personal beliefs and, therefore, denies the allegations. Amazon denies the remaining allegations in Paragraph 76.

77.     The statements and actions by De Vries and others who worked for Defendant were done on a regular basis and interfered with Plaintiff's ability to do her job and interfered with her ability to do work while working for Defendant. The acts of De Vries and other employees of Defendant became so severe, Plaintiff had to take medical leave.

**ANSWER:**     Amazon denies the allegations in Paragraph 77.

78.     De Vries threatened employees, assaulted employees placing them in reasonable fear of their safety and also physically touched employees in a sexual manner without their consent. Defendant was aware of this but failed to take remedial actions in a timely manner.

**ANSWER:**     Amazon denies the allegations in Paragraph 78.

79.     The derogatory statements and actions of De Vries were offensive, uninvited, and not welcomed by Plaintiff.

**ANSWER:**     Amazon denies the allegations in Paragraph 79.

80.     Defendant knew or should have known about the conduct alleged in this Complaint that were done to Plaintiff.

**ANSWER:**     Amazon denies the allegations in Paragraph 80.

81.     Defendant failed to take reasonable steps to correct the situation and/or prevent harassment from recurring to Plaintiff and others who worked for Defendant.

**ANSWER:**     Amazon denies the allegations in Paragraph 81.

### COUNT 3 RETALIATION

82.     Plaintiff realleges paragraph 1-81 into Count III as set forth herein.

**ANSWER:**     Amazon restates and reincorporates its answers to Paragraphs 1 through 81 as though fully set forth herein.

83.     Title VII of the Civil Rights Act of 1964 , 42 U.S.C. § 2000e-3(a), makes it unlawful employment practice for an employer to discriminate against any of his employees or to discriminate against any individual because he has opposed any practice made an unlawful employment practice.

**ANSWER:**     The allegations in Paragraph 83 purport to characterize portions of Title VII. Amazon denies those allegations to the extent they mischaracterize and do not fully represent the statute.

84.     Plaintiff was subjected to numerous forms of retaliation due to filing a complaint of discrimination against Defendant. A short time after Plaintiff made a complaint relating to the hostile work environment her supervisors began to closely scrutinize the Plaintiff and treat her differently in an inferior way to other employees.

**ANSWER:**     Amazon denies the allegations in Paragraph 84.

85.     Additionally, Defendant retaliated against the Plaintiff on several other occasions which included:

a.     Closer supervision of the Plaintiff

     b.      Closer Scrutiny of Plaintiff's work

     c.      Assigned a person to watch Plaintiff's work.

     d.      Defendant denied Plaintiff job promotions and training. Plaintiff applied for a job as a tugger, but Defendant failed to interview or notify Plaintiff about the job.

     e.      Plaintiff made requests to transfer to other positions and shifts but Defendant denied Plaintiff transfers or other positions. Other employees who were similarly situated were allowed to transfer or move to other positions that did not make a complaint of discrimination of Defendant.

     f.      Defendant denied Plaintiff training so that Plaintiff could move to other jobs.

     g.      Defendant forced Plaintiff to work alone in the Tugger job when Defendant required two employees to do said job.

     **ANSWER:**    Amazon denies the allegations in Paragraph 85.

86.     Defendant's actions to Plaintiff were done to Plaintiff in retaliation for Plaintiff asserting her rights under TITLE VII ,42 U.S.C. § 2000e-3(a) and the retaliation provisions for 42 USC 1981.

     **ANSWER:**    Amazon denies the allegations in Paragraph 86.

## COUNT 4 USC 1981

87.     Plaintiff realleges paragraph 1-86 into Count IV as set forth herein.

     **ANSWER:**    Amazon restates and reincorporates its answers to Paragraphs 1 through 86 as though fully set forth herein.

88.     42 USC 1981 makes it unlawful for an employee to be treated interior to other employees due to the employee's race.

**ANSWER:** The allegations in Paragraph 88 purport to characterize portions of Section 1981. Amazon denies those allegations to the extent they mischaracterize and do not fully represent the statute.

89. The Plaintiff was a party to a contract with Defendant as an employee and employer.

**ANSWER:** Amazon denies the allegations in Paragraph 89.

90. The plaintiff attempted but was unable to be promoted, gain skills, or enjoy all benefits, privileges, terms, and conditions of the contractual relationship.

**ANSWER:** Amazon denies the allegations in Paragraph 90.

91. The Plaintiff's inability to be promoted by Defendant, gain training, or enjoy all benefits, privileges, terms, and conditions of the contractual relationship was "because of" Defendant's purposeful discrimination against the plaintiff on the basis of the plaintiff's race.

**ANSWER:** Amazon denies the allegations in Paragraph 91.

92. Additionally, Defendant subjected Plaintiff to a hostile and abusive work environment due to Plaintiff's race, Black.

**ANSWER:** Amazon denies the allegations in Paragraph 92.

WHEREFORE, Plaintiff, Doris Nelson, prays that this Court (i) declare that the employment practices complained of in this complaint are unlawful in that they violate Title VII; (ii) permanently enjoin the Defendant and its agents, officers and employees from engaging in all practices found by this Court to be in violation of Title VII; (iii) order the Defendant to make the Plaintiff whole including any fees for her medical bills and lost pay, and other monetary and non-monetary benefits, and prejudgment interest, all in amounts to be proved at trial; (iv) order that the Defendant pay Plaintiff a sum in excess of $300,000 as compensatory and punitive damages;

26

(v) retain jurisdiction over this action to ensure full compliance with the Court's orders and require the Defendant to file such reports as the Court deems necessary to evaluate such compliance; (vi) order the Defendant to pay Plaintiff's costs and expenses and reasonable attorneys' fees as provided in the statutes incorporated herein in connection with this action; and (vii) order Defendant to pay the penalties (viii) grant such other and further relief to the Plaintiff as the Court deems just and proper.

**ANSWER:** Amazon denies all the allegations and assertions contained in Plaintiff's unnumbered Wherefore Paragraph, including subparts (i) through (viii), and specifically denies that Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

**PLAINTIFF DEMAND A JURY RELATING TO THIS MATTER.**

**ANSWER:** Amazon admits Plaintiff demands a trial by jury, but denies her claims are eligible for a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

Amazon asserts the following defenses without conceding that it bears the burden of proof as to any of the following defenses. Amazon reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

1. Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by any and all applicable statues of limitations. To the extent Plaintiff failed to assert some or all of her claims in a timely fashion, such claims are time-barred.

3. Plaintiff's claims are not actionable because the challenged employment decisions are justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons not related to Plaintiff's race, color, sex, or any other alleged protected category or any allegedly protected activity (if any) by Plaintiff including, without limitation, because Plaintiff violated Amazon policies.

4. Amazon exercised reasonable care to prevent and promptly correct any allegedly discriminatory or retaliatory conduct, by among other things, providing regular training to supervisors and managers regarding Amazon's policies against discrimination and retaliation, making its policies against discrimination and retaliation accessible to Plaintiff and other employees, encouraging employees to report inappropriate conduct, investigating reports of inappropriate conduct, investigating reports of inappropriate conduct, and taking steps to correct such conduct if and when it occurs.

5. Amazon denies that it was motivated by any impermissible motive in any decision or actions concerning Plaintiff, but it affirmatively pleads that it would have made the same decisions or taken the same actions in the absence of any impermissible motive.

6. Amazon denies that any of its employees or agents, acting within the course and scope of their employment or agency, violated any statute, regulation, constitutional provision, common law or public policy or cause any damage or injury to Plaintiff. Any unlawful conduct allegedly engaged in by Amazon's employees, supervisory or otherwise, was outside the scope of their employment, contrary to Amazon's policies, and was not ratified, confirmed, or approved by Amazon.

7. Amazon acted at all times in good faith and consistently maintained, implemented, and enforced its workplace policy against discrimination, retaliation, and harassment, and

otherwise exercised reasonable care to prevent and correct promptly any claims of discrimination, retaliation, or harassment.

8.      To the extent that Plaintiff seeks punitive damages, Plaintiff's claims for punitive damages are barred because the alleged acts or omissions of Amazon do not rise to the level required to sustain an award of punitive damages, and because any alleged discriminatory or retaliatory employment decisions were contrary to Amazon's good-faith efforts to comply with state and federal laws regarding anti-discrimination and anti-retaliation.  Defendant did not act with malice or reckless indifference to Plaintiff's legally protected rights and/or Plaintiff cannot prove a willful violation.  Further, Plaintiff is precluded from recovering punitive damages because an award of punitive damages would be an unconstitutional denial of Defendant's rights to due process and/or equal protection under the Fifth and Fourteenth Amendments.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches and estoppel.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

11.     Any emotional distress allegedly suffered by Plaintiff was not caused by Amazon or any of its agents.

12.     Plaintiff's claims are barred or diminished to the extent she has failed to mitigate or minimize her damages.

13.     Amazon consistently maintained, implemented, and enforced policies in the workplace against discrimination, harassment and retaliation, and otherwise exercised reasonable care to prevent and correct promptly any claims of alleged discrimination, harassment, or retaliation.  Plaintiff unreasonably failed to take advantage of preventive and corrective opportunities or to avoid harm otherwise.

14.     Plaintiff's claims may be barred, in whole or in part, because any damages or losses that Plaintiff has alleged, if they exist at all, were proximately caused or contributed by the conduct of Plaintiff.

15.     To the extent that Plaintiff has received any income from other employment or any other sources, such monies must be offset against any damages allegedly due to Plaintiff from Amazon.

16.     To the extent during the course of this litigation Amazon acquires any evidence of additional wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after acquired evidence shall bar Plaintiff on liability or damages or shall reduce any right to relief as provided by law.

17.     Amazon reserves the right to assert additional defenses as discovery reveals further information or as Plaintiff's claims are clarified.

**WHEREFORE**, Amazon respectfully requests that this Court dismiss Plaintiff's First Amended Complaint with prejudice, enter judgment in favor of Amazon, and award Amazon its costs, including reasonable attorneys' fees and such other relief as this Court may deem just and appropriate.

Dated: November 21, 2024          Respectfully Submitted,

                                  */s/ Stephanie L. Sweitzer*
                                  Stephanie L. Sweitzer
                                  Morgan, Lewis & Bockius LLP
                                  110 North Wacker Drive, Suite 2800
                                  Chicago, IL 60606
                                  (312) 324-1000
                                  (312) 324-1001 (fax)
                                  stephanie.sweitzer@morganlewis.com

Carolyn M. Corcoran (*pro hac vice*)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000
(212) 309-6001 (fax)

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 21, 2024, the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will provide electronic service to all counsel of record.

<u>*/s/ Stephanie L. Sweitzer*</u>
Stephanie L. Sweitzer