IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Doris Nelson

        PLAINTIFF,                                               CASE NO. 23cv06387

V.

Amazon..dedc,LLC

        DEFENDANT

### UNOPPOSED MOTION TO EXTEND DEADLINES

### PLAINTIFF'S MOTION TO EXTEND FACT DISCOVERY DEADLINE

Plaintiff, Doris Nelson ("Plaintiff"), by and through her counsel, Steven Horak, respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure 16(b) for an extension of time to complete fact discovery, through and including **December 18, 2025**. In support of this Motion, Plaintiff states as follows:

1. Plaintiff's prior counsel withdrew from the case, requiring Plaintiff to retain new representation. Plaintiff has since rehired her former attorney, Steven Horak, who promptly requested deposition dates from Defendant's counsel on October 23, 2025.

2. Plaintiff has sought deposition dates for several individuals for employees who work for Defendant. Defendant is in the process of confirming whether the identified individuals are still employed by Defendant, and whether defense counsel will be representing them for purposes of depositions. The employees sought to be deposed include:

    a. A former employee who filed similar claims with the EEOC: Nydra Williams (Still Employed).

    b. Current employees of Defendant who were allegedly harassed by the primary perpetrator in this case: Anthony Delgado, Thomas Holmberg, Isabel Rojas, Daniel Salinas, Adam Gascon, Cristal Garci, Marquis Redmond,

    c. Three individuals who conducted internal investigations regarding the alleged misconduct. Ashly Jimenez (no longer employed), Sara Jacobs, Ashley Holtzhauser

    d. Two supervisors who knew Plaintiff's work as a Tugger: Anthony Emmanuel- Ty Lane

3. Plaintiff anticipates needing approximately 45 days to complete 4–5 depositions. Defendant's counsel will be out of the country for part of November, and the Thanksgiving holiday further limits scheduling availability. As noted above, Defendant is still in the process of confirming whether the individuals identified above are still employed by Defendant and whether defense counsel will be representing any in connection with depositions, after which point counsel will be able to confer regarding deposition scheduling.

4. Defendant's counsel does not oppose the requested extension but does not join in this Motion. To date, three depositions have been completed: Plaintiff's own and two of Defendant's employees. Defendant objects to any depositions beyond the ten permitted under the Federal Rules of Civil Procedure as not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

5. The parties have conferred regarding the outstanding discovery. Plaintiff estimates that an additional 30–45 days are necessary to complete the remaining depositions.

6. Under Fed. R. Civ. P. 16(b), the Court may extend deadlines for good cause. See Lukis v. Whitepages Inc., 535 F. Supp. 3d 775, 802 (N.D. Ill. 2021).

7. Good cause exists to grant this extension. No trial date has been set, and this Motion is not intended to delay proceedings or prejudice any party.

WHEREFORE, Plaintiff, , respectfully request this Honorable Court enter an order extending the fact discovery deadline to and including December 18, 2025 and for such other relief as this Court deems necessary.

Dated: 10/28/2025

By: /s/ Steven Horak

Steven D. Horak
940 Knollwood Dr.
Buffalo Grove IL 60089
847-877-3120 (Telephone)
(Steve@stevenhoraklaw.com)
*Attorney for Plaintiff*

### NOTICE OF SERVICE

The forgoing Motion to Extend was served upon Defendant's Counsel electronically via ecf to Defendant's counsel of record on October 28, 2025.

**/s/ Steven Horak**
Steven Horak